UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATRINA CALDWELL, ) | |
| ) | |
| ) | Case No.: 1:18-cv-3602 |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| MEMBERSELECT INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT**

Plaintiff, Katrina Caldwell, by her undersigned attorneys, for her complaint against Defendant, MemberSelect Insurance Company, states:

**FACTS**

1. Plaintiff, Katrina Caldwell ("Plaintiff"), was and is a citizen of Mississippi, being a resident of Oxford, Mississippi, and was and is the owner of the single-family residential dwelling located at 5 Richwood Terrace in Flossmoor, Illinois ("the dwelling" or "the insured premises").

2. Defendant, MemberSelect Insurance Company ("MemberSelect"), was and is a Michigan citizen, being a Michigan corporation with its principle place of business in Dearborn, Michigan.

3. This Court has subject matter jurisdiction over this matter pursuant to Title 28, U.S.C. § 1332 (c)(1) because there is complete diversity of citizenship of the parties and the amount in controversy exceeds $75,000.

4. Venue is proper in this Court pursuant to Title 28, U.S.C. § 1391 because the events giving rise to Plaintiff's claims occurred in this judicial district. Additionally, MemberSelect does

1

business and/or transacts business in this judicial district and, therefore, is subject to personal jurisdiction in this judicial district and resides here for venue purposes.

5. MemberSelect, which is licensed to do insurance business in Illinois and transacts in the fire insurance business, issued to Plaintiff a dwelling insurance policy effective April 16, 2017 through April 16, 2018 ("the insurance policy", a copy of which is attached to this Complaint as Exhibit A).

6. Under the insurance policy, MemberSelect insured against direct physical loss of or damage to the dwelling and to personal property caused by fire.

7. On or about December 11, 2017, while the insurance policy was in full force and effect, the dwelling was damaged by fire ("the fire loss").

8. Plaintiff duly submitted a claim to MemberSelect under the insurance policy for the losses and damages she sustained from this covered fire loss.

9. Plaintiff has substantially performed all conditions required of her by the insurance policy, demanded of her, and/or not waived by MemberSelect, including giving MemberSelect prompt notice of the fire loss, submitting a sworn statement in proof of her loss, submitting, along with her husband, to a sworn examination under oath, copies of the transcripts of which are attached to this Complaint as Exhibits B and C, providing documentation requested by MemberSelect, otherwise cooperating with MemberSelect in its investigation of the loss and claim, and timely filing suit against MemberSelect.

10. As a result, it is MemberSelect's contractual obligation to pay Plaintiff for the losses and damages she sustained as a result of this covered fire loss.

11.     MemberSelect has made an actual cash value payment to Plaintiff for the loss and damage sustained to personal property in the dwelling at the time of the fire, as set forth in Exhibit D attached to the Complaint.

12.     Although requested to do so, MemberSelect has failed, refused, and continues to refuse to pay Plaintiff for the loss and damage sustained to the dwelling, for the reason set forth in Exhibit E attached to the Complaint.

## COUNT I
### (Breach of Contract)

13.     Plaintiff re-alleges paragraphs 1 through 12 of the Facts as paragraph 13 of count I of the Complaint.

14.     MemberSelect's failure to pay Plaintiff for all her losses and damages resulting from the covered fire loss is a breach of the insurance contract.

15.     This breach of the insurance contract was and is the direct and proximate cause of damage to Plaintiff in an amount in excess of $75,000.

16.     This is an action based on a "written instrument" within the meaning of the Illinois Interest Act and, therefore, Plaintiff is entitled to prejudgment interest.

WHEREFORE, Plaintiff, Katrina Caldwell, prays that this Court enter judgment in her favor and against Defendant, MemberSelect Insurance Company, in an amount in excess of $75,000, plus prejudgment interest and costs.

## COUNT II
### (Section 155 Relief)

17.     Plaintiff re-alleges paragraphs 1 through 14 of count I of the Complaint as paragraph 17 of count II of the Complaint.

18. At the time of the loss, MemberSelect's internal claims policies, practices, and procedures included compliance with the regulations promulgated by the Illinois Director of Insurance within Part 919 of the Illinois Administrative Code as well as compliance with sections 154.5 and 154.6 of the Illinois Insurance Code.

19. Plaintiff is entitled to an award of taxable costs under section 155 of the Illinois Insurance Code by virtue of MemberSelect engaging in the following vexatious and unreasonable conduct including, but not limited to:

(a) failing to pay her for the fire loss within 40 days of the loss, thus constituting an unreasonable delay in paying the loss as a matter of law, in violation of the regulations promulgated by the Illinois Director of Insurance within Section 919.80(d)(7)(A) of the Illinois Administrative Code;

(b) failing to provide her with a reasonable written explanation for the delay in resolving her fire loss and claim, after the claim remained unresolved for more than 75 days after she notified MemberSelect of the loss, in violation of the regulations promulgated by the Illinois Director of Insurance within section 919.80(d)(7)(B) of the Illinois Administrative Code;

(c) failing to provide her with a reasonable written explanation for the delay in resolving her fire loss and claim, in violation of section 154.6 of the Illinois Insurance Codes and the regulations promulgated by the Illinois Director of Insurance within Section 919 of the Illinois Administrative Code;

(d) not attempting in good faith to effectuate a prompt, fair, and equitable settlement of the dwelling portion of her fire loss and claim, a claim in which liability was reasonably clear, in violation of section 154.6 of the Illinois Insurance Code and the regulations promulgated by the Illinois Director of Insurance within section 919.50 of the Illinois Administrative Code;

(e) forcing her to retain legal counsel to investigate the fire loss and claim and to prosecute this lawsuit to recover all benefits that should have been immediately forthcoming under the insurance policy;

(f) refusing to pay the dwelling portion of her fire loss and claim without conducting a full, fair, objective, and unbiased investigation based on all available facts and circumstances, in violation of its internal claims polices, practices, and procedures and in violation of section 154.6 of the Illinois Insurance Code;

(g) disclaiming coverage for the dwelling portion of her fire loss and claim on the sole basis that she did not reside at the dwelling at the time of the fire, even though MemberSelect knew or should have known that the Illinois statutorily-mandated Standard Fire Policy does not require the insured to reside at the insured premises at the time of a fire loss as a condition of fire coverage. Rather, the Standard Fire Policy only requires that the insured premises, whether intended for occupancy by owner or tenant, be neither vacant nor unoccupied for more than 60 consecutive days before a fire loss, which it was not;

(h) without proper cause, wrongfully and knowingly refusing to reimburse her for all her losses and damages from her covered fire loss under the insurance policy; and

(i) failing to carry out its part of the bargain under the insurance contract, contrary to its claim handling philosophy.

WHEREFORE, Plaintiff, Katrina Caldwell, prays for an award of taxable costs, including reasonable attorney fees, in her favor and against Defendant, MemberSelect Insurance Company.

/s/ Edward Eshoo, Jr.
Edward Eshoo, Jr.
Christina Phillips
MERLIN LAW GROUP
181 West Madison, Suite 3475
Chicago, Illinois 60602
Telephone: (312) 260-0806
Facsimile: (312) 260-0808
eeshoo@merlinlawgroup.com
cphillips@merlinlawgroup.com